# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 12-99 |
| v. ) | Judge Cathy Bissoon |
| ) | |
| MONTY GRINAGE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Defendant's Pretrial Motion (Doc. 28) will be denied, as described below.

**Defendant's Motion to Suppress**

On April 17, 2012, Monty Grinage ("Defendant") was indicted on charges of possession with intent to distribute heroin, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 1 at 1). On June 7, 2012, Defendant timely filed the instant motion to suppress evidence stemming from a purported "Terry frisk," which he claims occurred on March 28, 2012. (Doc. 28 at 2, 4). The United States responded in opposition on June 21, 2012. (Doc. 30). This motion is ripe for disposition.

Defendant alleges that he was the subject of a traffic stop that occurred on March 28, 2012, at 5:20 pm, near the local police station in Munhall, Pennsylvania.[1] (Doc. 28 at 2-3). According to Defendant, he presented a valid Pennsylvania operator's license at the request of the officer conducting the stop, and his passenger provided identification as well. Id. at 2. During the stop, the officer "was able to determine that the [D]efendant's license was valid

---

[1] Defendant does not attack the legality of the underlying traffic stop in his motion.

1

and that there were no outstanding warrants." Id. at 2-3. During the verification process, three additional police officers arrived at the scene.. Id. at 3.

The police directed Defendant to exit his vehicle, and then allegedly "surrounded" him when he complied. Id. "The officers then requested that the [D]efendant submit to a Terry frisk that the [D]efendant refused." Id. One of the police officers allegedly explained that the frisk would be "for officer safety." Id. "Rather than submit to the [Terry] frisk, the [D]efendant ran from the scene."[2]

The Fourth Amendment to the Constitution of the United States prohibits "unreasonable searches and seizures." U.S. Const. amend. IV. Generally, for a search or seizure to be considered "reasonable" it must be effectuated by a warrant based on probable cause. See, e.g., United States v. Robertson, 305 F.3d 164, 167 (3d Cir. 2002) (citing Katz v. United States, 389 U.S. 347, 356-57 (1967)). One exception to the warrant requirement – and, indeed, the requirement of the existence of probable cause – was articulated by the Supreme Court of the United States in Terry v. Ohio, 392 U.S. 1 (1968), in which it was held that "[a] police officer may conduct a warrantless stop and frisk if specific and articulable facts, together with all rational inferences, suggest that the suspect was involved in criminal activity." United States v. Brown, 159 F.3d 147, 149 (3d Cir. 1998) (summarizing Terry). This standard often is referred to as "reasonable suspicion" in the applicable case law. See, e.g., Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000).

Based on Defendant's recitation of factual allegations in the instant motion, it is unnecessary to determine whether reasonable suspicion existed to conduct a Terry frisk because,

---

[2] This is the extent of Defendant's allegations in the instant motion. Defendant complains of no other search of his person or property, and instead bases his prayer for relief on the inchoate "frisk" mentioned above.

2

by his own admission, no such frisk occurred. (Doc. 28 at 3). Instead, he fled the scene of the stop rather than submit to the search. Id. Given that (1) Defendant does not argue that the underlying traffic stop was unlawful; and (2) Defendant does not complain of any "frisk" other than the one that he avoided when he ran from the scene of the stop, his allegations do not implicate the Fourth Amendment.

**Conclusion**

Consistent with the analysis above, Defendant's Pretrial Motion (Doc. 28) is denied.

IT IS SO ORDERED.


July 5, 2012                                              s/Cathy Bissoon
                                                         CATHY BISSOON
                                                         UNITED STATES DISTRICT JUDGE

cc (via ECF email notification):

All Counsel of Record